SRD: USAO2022R00317

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | **CRIMINAL NO.** JRR-23-0189 |
| v. : | |
| : | **Count One**: 26 U.S.C. § 7202 |
| **JOHN H. WORTHINGTON,** : | (Willful Failure to Account For and |
| : | Pay Over Taxes) |
| Defendant. : | |
| : | **Count Two**: 26 U.S.C. § 7206(1) |
| : | (Willfully Making and Subscribing |
| : | a False Tax Return) |
| : | |

…oooOooo…

## INFORMATION

### COUNT ONE
### 26 U.S.C. § 7202 – Willful Failure to Account for and Pay Over Taxes

The United States Attorney for the District of Maryland charges, at all times relevant to this Information:

### INTRODUCTION

1. The defendant JOHN H. WORTHINGTON, a resident of Owing Mills, Maryland, owned and operated a restaurant under the trade name THE GRILL AT HARRYMAN HOUSE ("The Grill"), located in Reisterstown, Maryland.

2. Since on or about February 10, 1995, The Grill has been organized as a corporation named HARRYMAN HOUSE, INC. ("HH Inc."), in which the defendant JOHN H. WORTHINGTON was the sole shareholder and President. Prior to that time, WORTHINGTON was at least a partial owner of a predecessor corporation, 340 Main Street, Inc., which operated the restaurant since at least in or about 1985.

3. The Internal Revenue Service ("IRS") was an agency within the United States

1

SRD: USAO2022R00317

Department of the Treasury responsible for administering and enforcing federal revenue laws and regulations regarding the ascertainment, computation, assessment, and collection of taxes owed to the United States by its citizens and residents.

4. In order to accurately assess and collect taxes, the IRS must, among other things, determine taxpayers' actual income, credits and deductions. To accomplish this, the IRS used, among other things, the following means:

a. Individuals: In general, every citizen and resident of the United States who received gross income in excess of the minimum filing amount established by law for a particular tax year was required to annually make and file a U.S. Individual Income Tax Return, Form 1040 ("Form 1040"), with the IRS. An individual is required to file the Form 1040 on or before April 15 of the year following a particular tax year. An individual can receive an automatic 6-month extension for filing the return by applying for an extension on Form 4868, Application for Automatic Extension to File U.S. Individual Income Tax Return.

b. Corporations: In general, all domestic corporations in existence for any part of a tax year must file an income tax return for that year, whether or not they have taxable income. A corporation generally must file a U.S. Corporation Income Tax Return, Form 1120 ("Form 1120"), with the IRS to report its income, gains, losses, deductions, credits, and income tax liability. If a corporation's Form 1120 is made on a calendar year basis it is required to be filed on or before March 15 following the close of the tax year. A corporation can receive an automatic 6-month extension for filing the return by applying for an extension on Form 7004, Application for Automatic Extension to File Certain Business Income Tax, Information, and Other Returns.

SRD: USAO2022R00317

5. Pursuant to Title 26 of the United States Code, employers, including HH Inc., were required to withhold amounts from their employees' gross pay including federal income taxes and Federal Insurance Contribution Act ("FICA") taxes, which represent Social Security and Medicare taxes. These taxes will be referred to in this Information collectively as "trust fund taxes" because employers hold the withheld amounts in trust until paid over to the United States. Employers are required to remit these withheld, trust fund taxes to the IRS on a quarterly basis, no later than the last day of the month following the end of the quarter.

6. In addition to the trust fund taxes that must be withheld from pay, employers, including HH Inc., were separately required to make contributions under FICA for Social Security and Medicare in amounts matching the amounts withheld from their employees' pay for those purposes. Such employer contributions were likewise required to be remitted to the IRS no later than the last day of the month following the end of the quarter. Collectively, these five components required to be remitted quarterly were commonly referred to as "employment taxes," made up of the trust fund taxes withheld (individual income, Social Security and Medicare taxes) and the matching amounts contributed by the employer.

7. Employers were required to file, one month after the conclusion of the calendar quarter, an Employer's Quarterly Federal Tax Return, Form 941 ("Form 941"), setting forth the number of employees who received wages, tips, or other compensation, the total wages, tips and other compensation paid, the total amount of income taxes withheld, the total amount of Social Security and Medicare taxes due, and the total tax deposits made for the quarter.

8. A person was responsible for collecting, accounting for, and paying over the employment taxes if he or she had the authority required to exercise significant control over the

SRD: USAO2022R00317

employer's financial affairs, regardless of whether the individual exercised such control in fact.

9. From at least approximately 2016 or earlier to 2021, the defendant JOHN H. WORTHINGTON oversaw the day-to-day operations of The Grill and exercised control over HH Inc.'s financial affairs by, among other acts, hiring employees, operating payroll, keeping books and records, maintaining signature authority on business bank accounts, and controlling all banking transactions. When WORTHINGTON was not present to perform these tasks himself, he delegated them to managers and employees under his supervision and control. Thus, WORTHINGTON was a responsible person for HH Inc. and had a legal duty to collect, truthfully account for and pay over to the IRS the trust fund taxes that were withheld from HH Inc.'s employees, and had a duty to file Forms 941 on behalf of HH Inc.

10. From at least approximately 2016 or earlier to 2021, WORTHINGTON knowingly engaged in a scheme to fraudulently underreport the wages paid to employees of HH Inc. and the employment taxes due and owing for each calendar quarter by failing to file any Forms 941 on behalf of HH Inc. During this same time period, WORTHINGTON caused HH Inc. to make thousands of dollars of expenditures to other creditors and for his own personal expenses, including for mortgage payments for his personal residence, for various personal vehicle expenses, for college tuition expenses for his children, for golf club membership dues, and salary wages for himself and his wife, while, at the same time, failing to pay over to the IRS trust fund taxes withheld from HH Inc.'s employees' paychecks. As a result, HH Inc. failed to pay approximately $1,447,963.42 in employment taxes, including the employee's share of federal income and FICA taxes of approximately $991,646.20 and the employer's share of FICA taxes of approximately $456,317.21.

11. From at least approximately 2016 or earlier to 2021, the defendant JOHN H. WORTHINGTON received wages and other compensation from HH Inc. in amounts greater

4

SRD: USAO2022R00317

than the minimum filing amount established by law for each of the tax years at issue. Despite this and the filing for extensions of time to file tax returns, WORTHINGTON last filed a Form 1040 with the IRS for tax year 2016 and failed to file a Form 1040 for the tax years 2017 through 2021. For tax year 2016, WORTHINGTON provided his accountant with false, misleading and incomplete information concerning the total wages and compensation he received from HH Inc., and the purported amounts of federal income taxes and FICA taxes allegedly withheld and paid over to the IRS on his behalf.

12. From at least approximately 2016 or earlier to 2021, HH Inc., a domestic corporation, was in existence for each of the tax years at issue. Despite being in existence and generating gross receipts or sales of more than $15,000,000 during this period, the defendant JOHN H. WORTHINGTON failed to file any Forms 1120 on behalf of HH Inc. with the IRS for the tax years 2016 through 2021.

## THE CHARGE

13. Between on or about September 30, 2016 and on or about January 31, 2017, both dates being approximate and inclusive, within the District of Maryland and elsewhere, the defendant JOHN H. WORTHINGTON, being a responsible person of HH Inc., and thereby having the duty to collect, truthfully account for and pay over to the IRS federal income taxes and FICA taxes from the total taxable wages of employees, did willfully fail to truthfully account for and pay over to the IRS all of the trust fund taxes due and owing to the United States on behalf of the employees of HH Inc. for the fourth quarter of 2016, in the approximate amount of $53,744.11.

All in violation of Title 26, United States Code, Section 7202.

5

SRD: USAO2022R00317

# COUNT TWO
## 26 U.S.C. § 7206(1) – Willfully Making and Subscribing a False Tax Return

The United States Attorney for the District of Maryland further charges:

1. The allegations contained in paragraphs One through Twelve of this Information are realleged and incorporated as if fully set forth in this paragraph.

2. From on or about January 1, 2016 to on or about July 31, 2017, in the District of Maryland and elsewhere, the defendant JOHN H. WORTHINGTON willfully made and subscribed, and filed and caused to be filed with the IRS, a false joint U.S. Individual Income Tax Return, Form 1040, for the calendar year 2016, which was verified by a written declaration that it was made under the penalties of perjury and which defendant WORTHINGTON did not believe to be true and correct as to every material matter; specifically, that the tax return reported on Line 74, that defendant WORTHINGTON and/or his spouse made $24,207 in total payments, whereas, as defendant WORTHINGTON knew, he and/or his spouse had actually made approximately $0 in total payments.

All in violation of Title 26, United States Code, Section 7206(1).

Date: May 22, 2023

*Erek L. Barron*
EREK L. BARRON
United States Attorney
District of Maryland

SEAN DELANEY
Digitally signed by SEAN DELANEY
Date: 2023.05.22 12:26:19 -04'00'

DAVID A. HUBBERT
Deputy Assistant Attorney General
U.S. Department of Justice, Tax Division

6