IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | No. 1:23-cr-00189-JRR |
| v. | : | **UNDER SEAL** |
| JOHN WORTHINGTON, | : | |
| *Defendant.* | : | |

## RESPONSE TO GOVERNMENT'S SENTENCING MEMORANDUM

Defendant John Worthington, by and through undersigned counsel, files this Response to the Government's Sentencing Memorandum in the above-referenced case. Sentencing is currently scheduled for November 20, 2023.

## UNWARRANTED SENTENCING DISPARITIES

The Government argues that a sentence of 27 months imprisonment is necessary to "avoid unwarranted sentencing disparities." ECF 22 at 14. The Government provides no relevant sentencing data regarding similar cases to support their argument. Instead, they argue that a probationary sentence would create a "two-tiered" system that disadvantages "blue-collar" offenders. ECF 22 at 15.

We will provide to the Court what the Government does not.

*Relevant Sentencing Data*

As the Government is aware, the Unted States Sentencing Commission provides tools to allow persons to see a breakdown of sentences received by defendants in similar cases across the country through its Judiciary Sentencing Information (JSIN) site.  www.jsin.ussc.gov/analytics

In this case, the relevant data reveals the following:

- Between 2018-22, there were 93 federal defendants whose primary sentencing guideline was §2T1.4, excluding defendant receiving cooperation reductions.

- Of those 93 defendants, 30% (28) received probationary sentences.

- Of the remaining 65 defendants who received a sentence of imprisonment in whole or in part, the average length of sentence was 15 months.

- Of these 65 defendants, the median sentence received was also 15 months.

We have attached as an exhibit a document produced by the United States Sentencing Commission web site revealing this publicly available data.

So the data actually reveals that the Government's requested sentence of 27 months is over 80% higher than the national average for sentences handed down in similar cases.  Their sentencing argument also ignores the fact that 30% of federal defendants in similar tax cases received probationary

sentences. Frankly, the Government's suggested sentence would create the type of unwarranted sentencing disparity that they claim to want to avoid.

**THE GOVERNMENT'S  INCOME CALCULATIONS ARE WRONG**

In Section 2 of its Sentencing Memorandum entitled "Worthington's fraud funded lifestyle the Government incorrectly takes the position that "Worthington owes a balance of $668,116.63 to the Harryman House, Inc. for his personal expenses".   The source for this contention is a series of balance sheets it presumably prepared, and which were attached to its Memorandum as Exhibit 5.   The spread sheets contain amounts contained in what the Government calls an "Advance Account."

First, the Government states that this $668,116.63 from this account was used to pay Mr. Worthington's personal expenses between 2016 and 2021.  But in fact, their Exhibit states that the beginning balance of this Advance Account on December 31, 2016, was $468,835.21.  On December 31, 2021, it had risen to $668,116.63. Therefore, the amount of money taken as an "advance" to Mr. Worthington during this period was $199,281.40 – *over three times less* than the $668,116.63 set out in its memorandum.

Therefore, instead of receiving approximately $273,375 a year in average income, Mr. Worthington received an average of $207,056.28 during this period while the company was consistently losing money.

While this in no way excuses Mr. Worthington's failure to pay the employment taxes, it is consistent with Defendant's Sentencing Memorandum, which accurately represents Mr. Worthington's difficult financial situation. Specifically, he was operating a struggling business and trying to keep things afloat and as normal as possible for his employees and family.

This is also borne out in reality. As the Court can see from the financial data contained in the Presentence Report, as well as the many letters submitted in this case, Mr. Worthington was not and is not a wealthy man. He does not have the resources to immediately pay the employment taxes back to the Government. He does not have significant assets and did not lead a lavish lifestyle on the back of the government.

While he has led a rich life primarily in service to his family, employees and others, the Harryman House has *not* made John Worthington a wealthy person. The fact is that Mr. Worthington lives and raised a family in a home he purchased with his wife in 1993 and which he personally renovated. He does not have retirement accounts. He does not have large amounts of liquid assets, investments or cash. He drives a modest car. He works a prodigious number of hours each week – including washing dishes. The fact remains that John Worthington is a good and decent man who withheld taxes from

the Government and in so doing allowed his employees to work, his children to succeed, and charities to prosper.

                    Respectfully submitted,

| | |
|---|---|
| _____/s/_____ | _____/s/_____ |
| Andrew C. White | David J. Polashuk |
| Federal Bar No. 08821 | Federal Bar No.  07728 |
| Silverman, Thompson, Slutkin | Levy, Mann, Caplan, |
| & White, LLC |  Hermann & Polashuk, LLP |
| 400 East Pratt Street, Suite 900 | 400 Redland Court, Suite 110 |
| Baltimore, MD 21202 | Owings Mills, MD 21117 |
| Telephone: 410-385-2225 | Telephone: 410-998-2000 |
| awhite@silvermanthompson.com | dpolashuk@lmcplaw.com |

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 13th day of November, 2023, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to all parties:

_____/s/_____
Andrew C. White, Esquire
Federal Bar No. 08821
Silverman, Thompson, Slutkin & White, LLC
400 East Pratt Street, Suite 900
Baltimore, MD 21201
Telephone: 410-385-2225
Facsimile:  410-547-2432
awhite@silvermanthompson.com